ROBERTS, J.
The appellant was convicted of a violation of section 322.212(5), Florida Statutes (2011), for seeking to obtain a Florida identification card under a false name. Because it is undisputed that the birth certificate the appellant presented in seeking the identification card was a certified copy of his actual birth certificate contained in the records of the State of New York and because we find that the name on that birth certificate was the only legal name that the appellant could have used to seek a Florida identification card, we vacate the conviction and sentence.
The undisputed facts of the case are as follows. The appellant was born in New York in 1969. After living in New York under the name “Keith Douglas Rancifer,” he came to Florida. In 1987, the appellant initially established a Florida identification card under the name Keith Douglas Ranci-fer. The appellant continued to obtain identification, either in the form of a Florida driver’s license or identification card, under the name Keith Douglas Rancifer, the last being in 2007. At the time of this case, the appellant’s driver’s license in the name Keith Douglas Rancifer had been suspended.
The appellant stated that, in pursuing a Florida identification card, he was advised by the Florida Department of Highway Safety and Motor Vehicles that he would need a birth certificate. He originally sought a birth certificate in the name of Keith Douglas Rancifer in New York, but was told that there was not a birth certificate matching that name and date of birth. Using the appellant’s mother’s name and date of birth, the New York official was able to locate a birth certificate for the appellant’s date of birth in the name of “Male Williams.”
On April 1, 2011, the appellant presented as proof of his identity a Social Security Card in the name Male Williams with an issue date of March 17, 2011, and a New York birth certificate in the name Male Williams with an issue date of March 11, 2011. The State does not dispute the authenticity of either document. After finding duplicate identification cards in the names Keith Douglas Rancifer and Male Williams, the State proceeded to file criminal charges against the appellant. The State’s information simply reiterated the language of the statute, which provides, in part:
It is unlawful for any person to use a false or fictitious name in any application for a driver’s license or identification card or knowingly to make a false statement, knowingly conceal a material fact, or otherwise commit a fraud in any such application.
§ 322.212(5)(a), Fla. Stat. (2011).
The appellant responded to the charge by filing a motion to dismiss pursuant to Florida Rule of Criminal Procedure 3.190(c)(4). The appellant’s position was that, when he supplied the name of Male Williams, this was his true legal name as evidenced by his birth certificate and Social Security card. The appellant stated that his legal name as provided on his birth certificate is Male Williams; therefore, he could not be charged with a violation of the statute.
The State filed a traverse in which they submitted additional facts. The facts showed that the appellant had operated under the name Keith Douglas Rancifer in Florida since approximately 1987 and that his driver’s license in that name was cur *121 rently suspended. The State also included a statement from the appellant made during the course of the investigation in which he acknowledged that his Keith Douglas Rancifer driver’s license had been suspended. The appellant also stated that he “did what he had to do” in order to obtain a valid identification card, which he needed for work, and that he had attended schools under the name Keith Douglas Rancifer. The State also presented case law from the state of New York standing for the proposition that under the common law of New York, a person was not required to resort to the judicial process to change his or her name and could effectuate a name change by conducting ordinary business under the new name for a period of time.
After a hearing on the issue, the trial court, while recognizing the “Hobson’s choice” before the appellant, ultimately concluded that it was not in the position to assess the appellant’s credibility and his intent with regard to the information he disclosed regarding his name and identity. The trial court concluded that intent and credibility were factual matters for jury resolution and denied the appellant’s motion to dismiss. The appellant then entered a plea of no contest to the charge, reserving the right to appeal the legally dispositive issue. He was sentenced to 36 months’ probation.
Section 322.212(5)(a) contains two components, either of which may provide a basis for criminal activity. As to the first component, using a false or fictitious name, the State never disputed the authenticity of the documents provided by the appellant in support of his name being Male Williams. Instead, it is the State’s position that, under New York common law, the appellant changed his name by going by the name of Keith Douglas Rancifer for a period of years while living in New York. It does appear, based on cases that were presented to us, that under New York common law, a person may change his or her name without the use of legal process simply by holding oneself out and conducting day-to-day affairs under the new name. Such an inquiry would be a factual one that the jury could resolve after receiving an adequate instruction on the law of New York.
However in 20Q5, the United States Congress passed, and the President signed, the “Real ID Act” as part of an effort to strengthen the accuracy and reliability of government issued identification in order to prevent terrorists from gaining either state or federally issued identification documentation that would allow them to travel freely .within the United States in pursuit of their terrorist objectives. See Pub.L. No. 109-13, 119 Stat. 231 (2005). The Act required states to significantly increase the documentation requirements to obtain driver’s licenses and state-issued identification cards. For United States citizens to receive or renew their driver’s license or state identification cards, they would be required to present a certified copy of their birth certificate or a valid United States passport.
Florida began issuing Real ID compliant credentials in 2010 and specifically requires either a birth certificate or passport in order to obtain a driver’s license or identification card. See § 322.08, Fla. Stat. (2011). Those who have changed their name from their birth name are required to also provide copies of either a court judgment or a marriage eertifi-cate/divorce decree changing the name. The effect of the Real ID Act on persons who ostensibly have undergone a common law name change is that those persons are prevented from getting identification that would allow them to travel by air, apply for federal benefits, or be honored by other states and the federal government. *122 The implementation of the Real ID Act by the State constitutes a limited preemption of the ability to effect a common law name change.
At oral argument, the State tried to shift its reliance to the second component of section 322.212(5)(a), which requires proof that the appellant knowingly made a false statement, knowingly concealed a material fact, or otherwise committed a fraud in his Florida identification card application. The State’s position is that the appellant attempted to circumvent his suspended license by knowingly attempting to procure an identification card in the name of Male Williams. While we agree with the State and the trial court that the issue of the appellant’s intent, knowledge, and credibility would typically be a factual matter proper for jury consideration, here the only issue is the appellant’s name, which is a legal conclusion. Both the State and the appellant agree to the underlying facts of this case. The disagreement is on the result, i.e., the appellant’s legal name, when you apply the law to those agreed-upon facts. This is a legal conclusion, which the trial court could have and should have resolved at the motion to dismiss stage.
If we were to adopt the State’s position, the appellant could not apply for an identification card or driver’s license in the name of Male Williams because that name would be “false or fictitious.” However, under the Real ID Act, he could also not apply for identification in the name Keith Douglas Rancifer because his birth certification reads Male Williams and the Real ID Act and the statutes implementing it do not recognize a common law name change. While the appellant will likely have to take further steps to navigate this administrative conundrum, we cannot agree that his actions in attempting to handle the situation were criminal.
We REVERSE the trial court’s order denying the appellant’s motion to dismiss and VACATE the conviction under section 322.212(5).
LEWIS, C.J. and WOLF, J., concur.